Zaniewska v. The City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June two thousand fourteen.

Present:      ROSEMARY S. POOLER,
                PETER W. HALL,
                SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

EWA ZANIEWSKA,

*Plaintiff-Appellant*,

-v-                              13-3273-cv

THE CITY OF NEW YORK, COMMISSIONER OF POLICE RAYMOND KELLY, Individually and as the Police Commissioner of the City of New York, POLICE OFFICER LORMIL, TAX REGISTRY 938883, POLICE OFFICERS JOHN DOE, 1-6 all being sued in their official and individual capacities,

*Defendants-Appellees*.

_____

Appearing for Appellant:    Linda M. Cronin, Cronin & Byczek, LLP, Lake Success, N.Y.

Appearing for Appellees:    Marta Soja Ross, of counsel, Corporation Counsel for the City of New York (Zachary W. Carter, Corporation Counsel; Edward F.X. Hart, Matthew J. Madaferri, of counsel, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Ewa Zaniewska appeals from the August 5, 2013 memorandum and order of the United States District Court for the Eastern District of New York (Mauskopf, *J.*) granting defendants' motion for summary judgment on her claims for false arrest, malicious prosecution, municipal liability and violating her right to equal protection, along with her claims brought under state law. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation omitted). Under New York law, a plaintiff asserting a false arrest claim must prove that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Id*. at 853 (internal quotation marks and brackets omitted). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." *Id.* at 852 (internal quotation marks omitted).

"An officer has probable cause to arrest when in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). This standard is objective and encompasses "the totality of the circumstances." *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir. 1990). We "must consider those facts available to the officer at the time of the arrest and immediately before it." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996).

Zaniewska argues that the district court erred in finding the record presented no material question of fact because New York's trespassing statute contains a knowledge requirement, and that there is at least a "dispute as to whether Zaniewska had the requisite knowledge in order to be capable of violating the statute." Under New York law, "[a] person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." N.Y. Penal L. § 140.05. The district court correctly concluded the police had probable cause to arrest Zaniewska for trespass. The police were familiar with the premises, which were the subject of previous police investigations that revealed that 555 Union Street was condemned and boarded up, that 557 Union Street was abandoned, and neither building was occupied by tenants. The status of the premises as abandoned properties inhabited by squatters was discussed at meetings attended by officers involved in Zaniewska's arrest. The 911 call reported that people were breaking into 555 Union Street with hammers and crow bars. When police arrived at the premises on the night of the arrest, the shared wall between the two buildings had a hole cut through it. The undisputed evidence supports the district court's conclusion that based on the information available to the police, there is no genuine dispute that the police reasonably believed that all of the partygoers at 555 and 557 Union Street were trespassing, and had probable cause to arrest plaintiff for trespass.

We have examined the remainder of Zaniewska's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk